**MICHAEL N. FEUER,** City Attorney
**SCOTT MARCUS,** Chief Assistant City Attorney –SBN 184980
**CORY M. BRENTE,** Senior Assistant City Attorney – SBN 115453
**JAMES V. BILEK,** Deputy City Attorney – SBN 286291
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Phone No.: (213) 978-7025
Fax No.:    (213) 978-8785
Email: james.bilek@lacity.org

*Attorneys for Defendants,* CITY OF LOS ANGELES, ANDRES MARTINEZ, JAMES WELCH, and JOSE CHAVEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL HERNANDEZ, an individual; JULLY ROMERO, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, a public entity; OFFICER ANDRES MARTINEZ, an individual; OFFICER JAMES WELCH, an individual; DETECTIVE JOSE CHAVEZ, an individual; and DOES 1 through 100, inclusive.<br><br>Defendants. | **CASE NO. 2:19-cv-00441-CAS-GJS**<br>*Hon Judge: Christina A. Snyder; Ctrm 8D*<br>*Hon Mag Judge: Gail J. Standish; Ctrm. 640*<br><br>**DEFENDANTS' MIL NO. 4 - NOTICE OF MOTION AND MOTION IN *LIMINE* TO EXCLUDE EVIDENCE OF CLAIMS OR ALLEGATIONS AS IT PERTAINS TO ANY DISMISSED CHARGES AND ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JAMES V. BILEK**<br><br>[Filed concurrently with [Proposed] Order]<br><br>**MOTION IN LIMINE**<br>Date:   July 18, 2022<br>Ctrm:   8D<br>Time:   11:00 A.M.<br><br>**TRIAL**<br>Date:   August 23, 2022<br>Ctrm:   8D<br>Time:   9:30 A.M |

///

///

///

1

**TO THE HONORABLE COURT, PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendants CITY OF LOS ANGELES, ANDRES MARTINEZ, JAMES WELCH, and JOSE CHAVEZ (collectively "Defendants") will and hereby do move this Court, before trial and prior to jury selection, for the following order in *limine* directing Plaintiffs and their counsel as follows:

1. Not to reference, refer, mention, question any witness, attempt to introduce evidence which was previously asserted in support of Plaintiffs' now dismissed claims and defendants, specifically any *Monell* liability, and the now dismissed claims under 42 U.S.C. Section 1983, Cal. Civ. Code Section 52.1 and false imprisonment as to all defendants and plaintiffs' claims for negligence and battery as to Detective Chavez.

Counsel met and conferred on Defendants' motions in *limine* on June 16, 2022. The parties were unable to resolve the substance of this motion.

This motion also is based upon the supporting Memorandum of Points and Authorities, the papers and pleadings on file in this action, and upon such further matters which may be presented at or before the hearing on this Motion.

Dated: June 17, 2022         **MICHAEL N. FEUER,** City Attorney
                             **SCOTT MARCUS**, Chief Assistant City Attorney
                             **CORY M. BRENTE,** Senior Assistant City Attorney

                             By:    /s/ James V. Bilek
                                 **JAMES V. BILEK**, Deputy City Attorney
                             *Attorneys for Defendants,* CITY OF LOS ANGELES, ANDRES MARTINEZ, JAMES WELCH, and JOSE CHAVEZ

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This lawsuit stems from an officer-involved shooting involving a suspect named Pedro Gudino ("Gudino") and City of Los Angeles Police Department Officers Andres Ramirez and James Welch in the Wilmington neighborhood of Los Angeles on the afternoon of February 2, 2018. (Declaration of James V. Bilek ¶2 ("Bilek Decl.").) After a pursuit, Gudino pointed and fired a pistol at Officers Martinez and Welch. In fear for their lives Officers Martinez and Welch returned fire. Gudino was eventually struck and taken into custody. *Id.*

Shortly after Gudino was taken into custody, LAPD officers were notified that a civilian, Plaintiff Hernandez, had been struck on the right leg by gunfire. At the time of the shooting, Plaintiff was on the balcony and near the front door of his second floor apartment across the intersection from the shooting. Plaintiff Hernandez was taken by ambulance to the hospital where he was treated for a non-life-threatening through and through gunshot wound of his right upper thigh after which he was released from the hospital within a few hours. Plaintiff Romero was not injured. *Id.* at ¶3.

On January 20, 2019, Plaintiffs filed claims against the City of Los Angeles, Officers Andres Martinez and James Welch, and Detective Jose Chavez. [Dkt. No. 1.] Plaintiffs sued for (1) violation of constitutional rights under 42 USC 1983; (2) Negligence; (3) violation of the California Bane Act; (4) Negligent Hiring, Training & Supervision; (5) Battery; and (6) False Imprisonment. *Id.* On December 24, 2021, this Court granted Defendants' Motion for Summary Judgment, in part, dismissing all claims and defendants except for the state negligence and battery claims as to Officers Martinez and Welch. [Dkt. No. 78.]

///
///
///
///

## II. EVIDENCE OF DISMISSED CLAIMS IS IRRELEVANT

### A. Federal Rules of Evidence 402

Relevant evidence is that which has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. (FRE 401). Pursuant to FRE 402, relevant evidence is admissible unless barred as follows: (i) the United States Constitution; (ii) a federal statute; (iii) these rules or (iv) other rules prescribed by the Supreme Court. It is Defendants' position that any evidence pertaining to the now dismissed claims is irrelevant to the remaining issues at hand. Plaintiffs' allegations of unlawful seizure and excessive force have no bearing anymore on the issues of negligence and battery. Further, Plaintiffs' false imprisonment and *Monell* claims have no bearing on the issues of negligence or battery. Lastly, any claim or evidence pertaining to Detective Chavez is similarly irrelevant as he has been dismissed entirely from this action.

At trial, the jury will be tasked with deciding the following causes of action: Negligence and Abttery. None of these claims require Plaintiff to introduce evidence in relation to their dismissed unlawful seizure, excessive force, false imprisonment or *Monell* claims. Plaintiffs cannot challenge whether they were seized, falsely imprisoned, or the subject of any unconstitutional policy, custom, or practice as the Court has already made a determination on these points.

### B. Federal Rules of Evidence 403

Even if this Court concludes the proffered evidence is relevant, the motion should still be granted. Relevant evidence may be excluded at trial if its probative value is substantially outweighed by the danger of unfair prejudice or is confusing, misleading, an undue consumption of time and inflammatory. Federal Rules of Evidence, Rule 403 provides, in pertinent part:

> "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue

delay, waste of time, or a needless presentation of cumulative evidence."

The jury will be confused, misled and there will be an undue consumption of time if it is permitted to hear testimony related to the now dismissed claims.

Further, Defendants are entitled to relief if the Court concludes Defendants will suffer unfair prejudice. (See FRE 403 and *U.S. v. Young*, 754 F. Supp. 739, 742 (D.S.D. 1990)). "Unfair" in this context means the evidence has an undue tendency to suggest a jury decision based upon an improper basis, usually an emotional one. *Young*, 754 F.Supp. at 742. Where evidence is not closely related to the issue being charged and is otherwise irrelevant, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. *United States v. Guerrero*, 756 F.2d 1342, 1348 (9th Cir. 1984); *U.S. v. Blaylock*, 20 F.3d 1458, 1464 (9th Cir. 1994). The jury should not be allowed to consider evidence related to the now dismissed claims as they have no bearing on the determination of Plaintiff's legal claims or damages.

Dated: June 17, 2022　　　　　**MICHAEL N. FEUER,** City Attorney
　　　　　　　　　　　　　　　**SCOTT MARCUS**, Chief Assistant City Attorney
　　　　　　　　　　　　　　　**CORY M. BRENTE,** Senior Assistant City Attorney

　　　　　　　　　　　　　　　By: ___/s/ James V. Bilek___
　　　　　　　　　　　　　　　　　**JAMES V. BILEK**, Deputy City Attorney
　　　　　　　　　　　　　　　*Attorneys for Defendants,* CITY OF LOS ANGELES, ANDRES MARTINEZ, JAMES WELCH, and JOSE CHAVEZ

# DECLARATION OF JAMES V. BILEK

I, JAMES V. BILEK, declare:

1. I am a Deputy City Attorney with the Los Angeles City Attorney's Office. I am assigned with the responsibility of representing Defendants CITY OF LOS ANGELES, ANDRES MARTINEZ, JAMES WELCH, and JOSE CHAVEZ in the matter of *Israel Hernandez, et al. v. City of Los Angeles, et al.,* USDC Case No. 2:19-cv-00441-CAS-GJS. I am admitted to practice before the United States Court – Central District of California. I make this declaration upon my own personal knowledge, except upon those matters stated upon information and belief.

2. Based on information and belief, this lawsuit stems from an officer-involved shooting involving a suspect named Pedro Gudino ("Gudino") and City of Los Angeles Police Department Officers Andres Ramirez and James Welch in the Wilmington neighborhood of Los Angeles on the afternoon of February 2, 2018. I am further informed and believe that after a pursuit, Gudino pointed and fired a pistol at Officers Martinez and Welch. In fear for their lives Officers Martinez and Welch returned fire. Gudino was eventually struck and taken into custody.

3. I am further informed and believe that shortly after Gudino was taken into custody, LAPD officers were notified that a civilian, Plaintiff Hernandez, had been struck on the right leg by gunfire. At the time of the shooting, Plaintiff was on the balcony and near the front door of his second floor apartment across the intersection from the shooting. Plaintiff Hernandez was taken by ambulance to the hospital where he was treated for a non-life-threatening through and through gunshot wound of his right upper thigh after which he was released from the hospital within a few hours. Plaintiff Romero was not injured.

///
///
///
///

1

I declare under penalty of perjury, pursuant to the laws of the United States of America and the State of California, that the foregoing is true and correct.

Executed this 17th day of June, 2022, at Los Angeles, California.

                                        _/s/ James V. Bilek_
                              JAMES V. BILEK, Declarant