1 | Victor J. Otten (SBN 165800)
vic@ottenlawpc.com
2 | Kavita Tekchandani (SBN 234873)
kavita@ottenlawpc.com
3 | OTTEN LAW, PC
3620 Pacific Coast Hwy #100
4 | Torrance, California 90505
Phone: (310) 378-8533
5 | Fax: (310) 347-4225

6 | Kaveh Navab (SBN: 280235)
**NAVAB LAW, APC**
7 | 13160 Mindanao Way, Suite 280
Marina Del Rey, California 90292
8 | Telephone: 310.826.1002
Email: navablaw@gmail.com
9 |
Attorneys for Plaintiff,
10 | Israel Hernandez and Jully Romero

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| Israel Hernandez, an individual; Jully Romero, an Individual, | Case No. 2:19-cv-00441-CAS-CJS |
|---|---|
| Plaintiffs. | [Assigned Judge Christina A. Snyder] |
| v. | **PLAINTIFF'S MOTION IN LIMINE NO. 4 TO EXCLUDE AND/OR PRECLUDE EVIDENCE AND/OR STATEMENTS BY DEFENDANTS AND WITNESSES REGARDING FUTURE OR PAST INCIDENTS OF VIOLENCE TOWARD POLICE OFFICERS, WHETHER LAPD OR OTHERWISE** |
| City of Los Angeles, a public entity; Officer Andres Martinez, an individual, Officer James Welch, an individual; Detective Chavez, an individual; and Does 1 through 100, Inclusive. | |
| | [[Proposed] Order *filed concurrently herewith*] |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 18, 2022, at 11:00 a.m., or as soon as thereafter as counsel may be heard, in the courtroom of the Honorable Christina A. Snyder located in Courtroom 8D of the United States Courthouse, 350 W. First Street, Courtroom 8D, 8th Floor, Los Angeles, CA 90012, Plaintiff Israel Hernandez ("Plaintiff") will and hereby does move this Court to exclude and/or preclude evidence and/or statements by Defendants and witnesses about future or past incidents of violence toward police officers, whether LAPD, or otherwise.

This Motion is made upon the grounds that such evidence, documents, and testimony are irrelevant under the Federal Rules, were unknown to Defendants, are prejudicial to Plaintiffs, and will inflame the jury. FRE Rules 401, 402, 403, 404, and 407 warrant this exclusion.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling. This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on June 13, 2022 and June 20, 2022.

DATED: June 20, 2022,                          OTTEN LAW


                                               By:   /s/ Victor Otten
                                               VICTOR OTTEN, ESQ,
                                               Attorneys for Plaintiff

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

In February 2018, Plaintiff Israel Hernandez was struck by a stray bullet fired by officers of the Los Angeles Police Department ("LAPD"), who had been pursuing a reckless driving suspect (the "Suspect").  The Suspect collided with a car in the intersection near the apartment building where Plaintiff resided. After hearing the noise of the collision, Plaintiff was standing near the door to his second-floor apartment.  While the officers involved in the shooting may have had no specific knowledge of Plaintiff's presence near the scene of the shooting, the officers had knowledge of pedestrians, cars and apartment buildings in their sight picture.[1] Accordingly, the officers should have accounted Plaintiff's presence which should have been a factor in their decision to fire upon the Suspect.

By way of this Motion, Plaintiff seeks to exclude evidence and statements by Defendants and witnesses regarding any other past or future incidence of violence toward police officers, whether toward officers of the LAPD or officers of other police agencies.  Testimony or other evidence that, for example, other police officers have been killed while pursuing fleeing suspects would be irrelevant to the question of whether the officers involved in the shooting at issue in this case behaved in a negligent manner in firing their weapons.  Such statements would serve no purpose but to inflame the jury and prejudice the Plaintiff.  As such, Plaintiff requests that the Court exclude evidence and/or testimony of such unduly prejudicial statements by the Defendant officers and witnesses about police officers being killed or otherwise attacked in the line of duty.

---

[1] Rule No. 4: "Be sure of the target and what's beyond it before firing the firearm." California Commission On Peace Officer Standards And Training. LD 35: Chapter 1 – Firearms Safety.

Moreover, even if such evidence had any relevance to this case, it would be unfairly prejudicial to the Plaintiff as it would likely cause the jury to assess this case on an emotional basis, as opposed to a rational one.

## II.   LEGAL ARGUMENT

### A. Testimony or Evidence of by Defendants or Witnesses Regarding Other Instances of Violence Towards Police Officers is Irrelevant

Evidence is relevant if it has the "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. Rule Evid. 401. "Irrelevant evidence is not admissible." Fed. Rule Evid. 402.

In this matter, the jury will be confronted with assessing whether officers of the Los Angeles Police Department behaved negligently in firing their weapons at the Suspect as he exited his vehicle near the home of Plaintiff Hernandez. At the time of the incident, the concern of the officers was with the danger posed by the Suspect to themselves and to the public. Any other instances of attacks or violence towards police officers is irrelevant to the issue in this case of whether the police officers involved behaved in a negligent manner in using potentially deadly force against the fleeing Suspect in this matter.

### B. Even if Evidence Regarding Violence Towards Police Officers were Relevant, its Probative Value is Substantially Outweighed by its Prejudicial Nature, and has the Potential to Confuse the Issues of the Case and Mislead the Jury

Rule 403 of the Federal Rules of Evidence states that evidence, even if relevant, "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "'Unfair prejudice' within [the] context [Rule 403] means an undue tendency to suggest decision on an improper basis, commonly, though not

-4-

1  necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180, 117
2  S. Ct. 644, 650 (1997).

3      Evidence of violence directed towards police officers in instances other than
4  the facts giving rise to this case would serve no purpose but to inflame the jury and
5  cause it to assess the facts of the case on an emotional basis, rather than on a rational
6  basis. It is hard to imagine evidence more inflammatory and prejudicial than
7  evidence of past or possible future instances of police officers being killed, because
8  the jury would have no context or understanding of the facts from those instances.
9  Any jury, presented with this inflammatory and prejudicial evidence, would not be
10  able to divorce this evidence from its verdict on liability.  A limiting instruction
11  would only serve to further highlight the evidence and lengthen its exposure to the
12  jury.  Accordingly, statements, evidence and testimony of past or speculative future
13  instances where officers have been killed must be excluded from the trial

14

15  **III.  CONCLUSION**

16      The issue to be presented to the jury in this matter is whether LAPD officers,
17  in firing upon a reckless driving suspect and unintentionally striking Plaintiff,
18  behaved in a negligent manner.  Any evidence of other incidents of violence toward
19  police officers, whenever such violence may have occurred, is irrelevant to that
20  central question and would be unfairly prejudicial to the Plaintiff.  Such evidence,
21  therefore, should be excluded at trial.

22

23  DATED: June 20, 2022,                  OTTEN LAW

24

25                                      By:_____/s/ Victor Otten_____
26                                      VICTOR OTTEN, ESQ,
27                                      Attorneys for Plaintiff

28